UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

ANTONIO CESAR BARBOSA,

                                          Case Number:

     Plaintiff.                           Hon.

v.

WALTON COUNTY;
WALTON COUNTY SHERIFF'S OFFICE;
SERGEANT DAVID BENNETT;
DEPUTY HATSADY SIRIPHOKHA;
DEPUTY PRUITT;
DEPUTY BREEDLOVE;
CASEY LEA LEWIS.

     Defendants.

---

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, Antonio Cesar Barbosa, by and through counsel,

Solomon M. Radner and Radner Law Group PLLC, and states as follows:

## PARTIES, JURISDICTION, AND VENUE

Plaintiff, complaining of the Defendants, alleges and says:

## PARTIES

1. Plaintiff Antonio Cesar Barbosa is a resident of Florida.

2. Defendant Walton County Sheriff's Office is a law enforcement agency

    organized under the laws of the State of Florida with its principal place of

    business in Walton County, Florida

3. Defendant Walton County is a political subdivision of the State of Florida.

4. Defendant Sergeant David Bennett was, at all relevant times, employed by the Walton County Sheriff's Office as a law enforcement officer acting under color of state law.

5. Defendant Deputy Hatsady Siriphokha was, at all relevant times, employed by the Walton County Sheriff's Office as a law enforcement officer acting under color of state law

6. Defendant Deputy Pruitt was, at all relevant times, employed by the Walton County Sheriff's Office as a law enforcement officer acting under color of state law.

7. Defendant Deputy Breedlove was, at all relevant times, employed by the Walton County Sheriff's Office as a law enforcement officer acting under color of state law.

8. Defendant Casey Lea Lewis is a resident of Florida.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, because this action arises under the Constitution and laws of the United States, specifically 42 USCS § 1983.

10. This his Court has personal jurisdiction over Walton County Sheriff's Office because it is a resident of Florida.

11. This Court has personal jurisdiction over Walton County because it is a resident of Florida.

12. This Court has personal jurisdiction over Sergeant David Bennett because he is a resident of Florida.

13. This Court has personal jurisdiction over Deputy Hatsady Siriphokha because he is a resident of Florida.

14. This Court has personal jurisdiction over Deputy Pruitt because she is a resident of Florida.

15. This Court has personal jurisdiction over Deputy Breedlove because he is a resident of Florida.

16. This Court has personal jurisdiction over Casey Lea Lewis because she is a resident of Florida.

17. This Court is the proper venue for this case pursuant to 28 USCS § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in Miramar Beach, Florida, which is located within the Northern District of Florid.

### STATEMENT OF FACTS

18. Plaintiff Barbosa is a homeowner in a community governed by a homeowners' association (HOA) in Miramar Beach, Florida.

19. On March 23, 2024, at approximately 3:33 PM, plaintiff was arrested by deputies of the Walton County Sheriff's Office (WCSO).

20.    Prior to the arrest, plaintiff had been celebrating a victory in a HOA board election in the parking lot of the South Walton Utilities Building, where the annual follow-up HOA meeting was held.

21.    The celebration involved the use of small consumer fireworks, novelty items which are legal year-round in Florida without a special permit or license.

22.    Casey Lea Lewis, an ousted HOA board member, made a false 911 call claiming that Mr. Barbosa was disgruntled and had twice thrown fireworks directly at her, her vehicle and she feared for her life.

23.    Shortly after the arrival of responding Deputy Hatsady Siriphokha, Ms. Lewis falsely suggested to Deputy Siriphokha that Mr. Barbosa had discharged a firearm.

24.    Video evidence from the South Walton Utilities Building clearly shows that plaintiff did not discharge a firearm and that Casey Lea Lewis and her associates continued to stand and converse on the sidewalk, calmly watched and Casey Lea Lewis calmly recorded the sound of additional fireworks with her cell phone from approximately 65' feet away, then walked normally back into the building after the celebration, not ducking, running, or showing any fear for their safety.

25.    WCSO Sergeant David Bennett and Deputy Hatsady Siriphokha responded to the call and arrested plaintiff without viewing the exculpatory video evidence from the South Walton Utilities Building.

26.    Sergeant Bennett had previously communicated with Casey Lea Lewis and had been given false information, which he did nothing to verify or otherwise investigate, prior to arriving at the scene.

27.    The deputies handcuffed plaintiff too tightly, causing him significant pain and nerve damage.

28.    Plaintiff was forced to sit on his handcuffed hands for over an hour, a portion of which time included in his driveway in front of his wife and neighbors.

29.    Plaintiff can be heard on Deputy Breedlove's body camera stating, "I hurt, hurts like Hell."

30.    Upon arrival at the jail, Deputy Pruitt witnessed plaintiff shaking his hands to regain sensation, indicating the handcuffs had been too tight.

31.    No Miranda rights were read to plaintiff, and Sergeant Bennett instructed Deputy Pruitt not to Mirandize plaintiff nor to continue discussing further with plaintiff what took place at the HOA meeting.

32.    The arrest report prepared by Deputy Siriphokha contained numerous factual inaccuracies and omissions, including false claims about plaintiff's proximity to fireworks and prior statements allegedly made by plaintiff.

33.    Deputy Siriphokha falsely claimed in the arrest report that he had viewed the South Walton Utilities Building video prior to the arrest.

34.    Sergeant Bennett instructed and manipulated witnesses to write additional false testimony to justify the wrongful arrest.

35.    On Nov. 14, 2024, Judge Kelvin Wells viewed the South Walton Utilities Building video twice and stated to the prosecuting Attorney, "Ms. Mathews, you will have a very difficult time trying to convince this court that there was any crime committed, this case is Dismissed."

36.    The very next day on Nov. 15, 2024, an Order to that effect was entered by the Court dismissing the criminal charges.

37.    Despite the dismissal and Mr. Barbosa's multiple requests to take down the mugshot, the Walton County Sheriff's Office continues, as of the filing of this lawsuit, to post plaintiff's mugshot on their website, causing ongoing damage to Mr. Barbosa's reputation and business.

### Inmate Detail - BARBOSA, ANTONIO CESAR

**Demographic Information**


3/23/2024 4:54 PM

| | |
|---|---|
| Name: | BARBOSA, ANTONIO CESAR |
| Subject Number: | 176109 |
| Date of Birth: | 04/06/1966 |
| Age: | 59 |
| Gender: | Male |
| Race: | White |
| Height: | 5' 9" |
| Weight: | 220.0 lbs |
| Address: | 47 NANCY LN SANTA ROSA BEACH, FLORIDA 32459 |
| Aliases: | BARBOSA, ANTONIO CESAR |

**Booking History**

**Booking 2024-00000726**

| | |
|---|---|
| Booking Date: | 3/23/2024 4:44 PM |
| Release Date: | 3/23/2024 6:47 PM |
| Scheduled Release Date: | |
| Total Bond Amount: | $0.00 |
| Total Bail Amount: | $0.00 |

| Bond Number | Bond T |
|---|---|
| 2024-00000613 | Cash/P |

| Charges | Court Date | C |
|---|---|---|
| No data | | |

| Number | Charge Description | Counts | Offense Date | Docket Number | Sentence Date | Disposition | Disposition Date | Sentence Len |
|---|---|---|---|---|---|---|---|---|
| 1 | Breach Of The Peace | 1 | 3/23/2024 3:35 PM | | | Bond Posted | 3/23/2024 | |

38.    Plaintiff lost a real estate sale to the county as a result of the arrest and continued publication of his mugshot.

39.    Prior to this incident, plaintiff had filed a defamation case against Casey Lea Lewis and Russell Gene Lewis II related to their initiation of an attempted Protection Order to be entered against Mr. Barbosa, which Judge Kelvin Wells rightfully dismissed on May 18, 2022. The case number for the Protection Order which was dismissed is 662022DR000343DRAXMX. The case number for Mr. Barbosa's defamation case is 662022CA000268CAAXMX, and has been pending from its initiation date of June 22, 2022, through the filing of this lawsuit.

40.    At the time of plaintiff's arrest, the parties were nearing a settlement agreement in which Casey Lea Lewis and Russell Gene Lewis II agreed to pay plaintiff a monetary settlement and also pay the full cost of mediation. Of course, it goes without saying, Ms. Lewis did not mention this to the police. Mr. Barbosa did mention this fact to Defendant Deputy Pruitt, who chose to ignore the information and not even ask Ms. Lewis about it nor share it with Sgt. Bennett.

41.    Shortly after plaintiff's arrest, Casey Lea Lewis and Russell Gene Lewis II attempted to extort $20,000 from plaintiff, using the arrest as leverage and

threatening to file another injunction and assault case if plaintiff did not pay and accept newly created settlement agreement terms for his Defamation Lawsuit.

42.    During the pendency of the criminal case against Mr. Barbosa, the defendants refused to turn over photographs and some of the body camera and WCSO videos despite multiple requests prior to trial, thereby intentionally and maliciously hiding evidence that would have exposed the wrongful arrest.

43.    The herein complained of actions were done wantonly, maliciously, deliberately, sadistically, intentionally, purposely, purposefully, recklessly, knowingly, and with deliberate indifference and reckless Disregard to the plaintiff's rights.

## CLAIMS FOR RELIEF

### Count I - Violation of Civil Rights Under 42 U.S.C. § 1983 - Fourth Amendment (Unlawful Arrest)
### (against defendants Sergeant David Bennett, Deputy Hatsady Siriphokha, Deputy Pruitt, Deputy Breedlove, and Walton County)

44.    Plaintiff realleges the prior factual allegations in paragraphs 18-43.

45.    Defendants deprived plaintiff of his right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

46.    Defendants arrested plaintiff without probable cause on March 23, 2024.

47.    Defendants failed to review exculpatory video evidence from the South Walton Utilities Building before arresting plaintiff.

48. The criminal case against plaintiff was dismissed by Judge Kelvin Wells after viewing the exculpatory video evidence twice, confirming the lack of probable cause for the arrest.

49. Defendants were acting under color of state law as law enforcement officers employed by the Walton County Sheriff's Office.

50. As a direct and proximate result of defendants' actions, plaintiff suffered physical injuries, emotional distress, damage to his reputation, and financial losses.

51. Defendant Walton County is liable for the actions of its officers because the constitutional violations resulted from its policies, customs, and practices of inadequate training, supervision, and discipline of its officers.

**Count II - Violation of Civil Rights Under 42 U.S.C. § 1983 - Fourth Amendment (Excessive Force)**
**(against defendants Sergeant David Bennett, Deputy Hatsady Siriphokha, Deputy Pruitt, Deputy Breedlove, and Walton County)**

52. Plaintiff realleges the prior factual allegations in paragraphs 18-43. Defendants deprived plaintiff of his right to be free from excessive force under the Fourth Amendment to the United States Constitution.

53. Defendants handcuffed plaintiff too tightly, causing him significant pain and nerve damage.

54.    Defendants forced plaintiff to sit on his handcuffed hands for over an hour, a portion of which time included in his driveway in front of his wife and neighbors.

55.    Plaintiff can be heard on Deputy Breedlove's body camera stating, "I hurt, hurts like Hell."

56.    Upon arrival at the jail, Deputy Pruitt witnessed plaintiff shaking his hands to regain sensation, indicating the handcuffs had been too tight.

57.    The force used was objectively unreasonable under the circumstances, as plaintiff was not resisting arrest or posing any threat to the officers or others.

58.    Defendants were acting under color of state law as law enforcement officers employed by the Walton County Sheriff's Office.

59.    As a direct and proximate result of defendants' actions, plaintiff suffered physical injuries, including nerve damage, and emotional distress.

60.    Defendant Walton County is liable for the actions of its officers because the constitutional violations resulted from its policies, customs, and practices of inadequate training, supervision, and discipline of its officers.

**Count III - Violation of Civil Rights Under 42 U.S.C. § 1983 - Fourteenth Amendments (Due Process)**
**(against defendants Sergeant David Bennett, Deputy Hatsady Siriphokha, Deputy Pruitt, Deputy Breedlove, and Walton County)**

61.    Plaintiff  realleges the prior factual allegations in paragraphs 18-43. Defendants deprived plaintiff of his right to due process under the Fourteenth Amendments to the United States Constitution.

62.    Defendants failed to read plaintiff his Miranda rights, and Sergeant Bennett instructed Deputy Pruitt not to Mirandize plaintiff.

63.    Defendants fabricated evidence and made false statements in the arrest report, including false claims about plaintiff's proximity to fireworks and prior statements allegedly made by plaintiff.

64.    Deputy Siriphokha falsely claimed in the arrest report that he had viewed the South Walton Utilities Building video prior to the arrest.

65.    Sergeant Bennett instructed and manipulated witnesses to write additional false testimony to justify the wrongful arrest.

66.    Defendants were acting under color of state law as law enforcement officers employed by the Walton County Sheriff's Office.

67.    As a direct and proximate result of defendants' actions, plaintiff was subjected to criminal prosecution based on fabricated evidence and suffered emotional distress, damage to his reputation, and financial losses.

68.    Defendant Walton County is liable for the actions of its officers because the constitutional violations resulted from its policies, customs, and practices of inadequate training, supervision, and discipline of its officers.

## Count IV - Violation of Civil Rights Under 42 U.S.C. § 1983 - First Amendment (Retaliation)
## (against defendants Sergeant David Bennett, Deputy Hatsady Siriphokha, Deputy Pruitt, Deputy Breedlove, and Walton County)

69.    Plaintiff realleges the prior factual allegations in paragraphs 18-43.

Defendants deprived plaintiff of his right to freedom of expression under the

First Amendment to the United States Constitution.

70.    Plaintiff was engaged in constitutionally protected activity when he was

celebrating the HOA board election victory.

71.    Defendants arrested plaintiff in retaliation for his protected expression.

72.    Defendants' actions would chill a person of ordinary firmness from engaging

in similar protected expression in the future.

73.    Plaintiff's protected expression was a substantial or motivating factor in

defendants' decision to arrest him.

74.    Defendants were acting under color of state law as law enforcement officers

employed by the Walton County Sheriff's Office.

75.    As a direct and proximate result of defendants' actions, plaintiff suffered

emotional distress, damage to his reputation, and financial losses.

76.    Defendant Walton County is liable for the actions of its officers because the

constitutional violations resulted from its policies, customs, and practices of

inadequate training, supervision, and discipline of its officers.

## Count V - Violation of Civil Rights Under 42 U.S.C. § 1983 - Failure to Intervene
### (against defendants Deputy Pruitt and Deputy Breedlove)

77.    Plaintiff realleges the prior factual allegations in paragraphs 18-43.

78.    Defendants Deputy Pruitt and Deputy Breedlove had a duty to intervene to prevent the violation of plaintiff's constitutional rights.

79.    Defendants Deputy Pruitt and Deputy Breedlove were present during the unlawful arrest and use of excessive force against plaintiff.

80.    Defendants Deputy Pruitt and Deputy Breedlove had a reasonable opportunity to intervene to prevent these constitutional violations.

81.    Defendants Deputy Pruitt and Deputy Breedlove failed to intervene to prevent these constitutional violations.

82.    Defendants were acting under color of state law as law enforcement officers employed by the Walton County Sheriff's Office.

83.    As a direct and proximate result of defendants' failure to intervene, plaintiff suffered physical injuries, emotional distress, damage to his reputation, and financial losses.

## Count VI - Violation of Civil Rights Under 42 U.S.C. § 1983 - Supervisory Liability
### (against defendant Sergeant David Bennett)

84.    Plaintiff realleges the prior factual allegations in paragraphs 18-43. Defendant Sergeant Bennett had supervisory authority over the other defendant officers.

85.    Defendant Sergeant Bennett personally participated in the constitutional violations against plaintiff.

86.    Defendant Sergeant Bennett directed Deputy Siriphokha and others to violate plaintiff's constitutional rights.

87.    Defendant Sergeant Bennett knew of and acquiesced in the constitutional violations against plaintiff.

88.    Defendant Sergeant Bennett failed to properly supervise, train, or discipline his subordinates, resulting in the constitutional violations against plaintiff.

89.    Defendant was acting under color of state law as a law enforcement officer employed by the Walton County Sheriff's Office.

90.    As a direct and proximate result of defendant's actions and omissions, plaintiff suffered physical injuries, emotional distress, damage to his reputation, and financial losses.

### Count VII - Violation of Civil Rights Under 42 U.S.C. § 1983 - Monell Claim
### (against defendant Walton County)

91.    Plaintiff  realleges the prior factual allegations in paragraphs 18-43. Defendant Walton County has a policy, practice, or custom of allowing its officers to arrest citizens without probable cause.

92.   Defendant Walton County has a policy, practice, or custom of allowing its officers to use excessive force against citizens.

93.   Defendant Walton County has a policy, practice, or custom of allowing its officers to fabricate evidence and make false statements in arrest reports.

94.   Defendant Walton County has a policy, practice, or custom of failing to properly train, supervise, and discipline its officers.

95.   These policies, practices, or customs were the moving force behind the constitutional violations suffered by plaintiff.

96.   Defendant Walton County's sheriff's office has been the defendant in at least 70 lawsuits, at least 7 of which allege intimidation and/or retaliation, thereby demonstrating a pattern of constitutional violations.

97.   Defendant Walton County was deliberately indifferent to the constitutional rights of its citizens, including plaintiff.

98.   As a direct and proximate result of defendant's policies, practices, or customs, plaintiff suffered physical injuries, emotional distress, damage to his reputation, and financial losses.

### Count VIII - Conspiracy to Interfere with Civil Rights, pursuant to 42 USC 1983, (against defendants Sergeant David Bennett, Deputy Hatsady Siriphokha, and Casey Lea Lewis)

99.   Plaintiff realleges the prior factual allegations in paragraphs 18-43.

100. Defendants Sergeant Bennett, Deputy Siriphokha, and Casey Lea Lewis conspired to deprive plaintiff of his constitutional rights. Casey Lea Lewis made a false 911 call claiming that Mr. Barbosa was disgruntled and had twice thrown fireworks directly at her, her vehicle and she feared for her life. Shortly after the arrival of responding Deputy Hatsady Siriphokha, Ms. Lewis falsely suggested to Deputy Siriphokha that Mr. Barbosa had discharged a firearm.

101. Sergeant Bennett had previously communicated with Casey Lewis and had been given false information, which he did nothing to verify or otherwise investigate, prior to arriving at the scene.

102. Sergeant Bennett and Deputy Siriphokha arrested plaintiff without probable cause and without viewing the exculpatory video evidence.

103. Deputy Siriphokha falsely claimed in the arrest report that he had viewed the South Walton Utilities Building video prior to the arrest.

104. Sergeant Bennett instructed and manipulated witnesses to write additional false testimony to justify the wrongful arrest.

105. These actions were taken in furtherance of the conspiracy to deprive plaintiff of his constitutional rights.

106. As a direct and proximate result of defendants' conspiracy, plaintiff suffered physical injuries, emotional distress, damage to his reputation, and financial losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays of this Honorable Court that judgment be entered in favor of Plaintiff and against Defendants, and that the Court award all damages permitted by law.

A. Compensatory damages against all defendants in an amount to be determined at trial.

B. Punitive damages against all individual defendants in an amount to be determined at trial.

C. An injunction ordering the Walton County Sheriff's Office to remove plaintiff's mugshot from their website, as well as deletion of his WCSO profile from all no-charges-filed, groundless, unfounded, low probability, unsubstantiated claims/false accusations that have and will continue to poison any future interactions with Walton County sheriff deputies.

D. An injunction ordering Walton County to implement policies and procedures to prevent similar constitutional violations in the future.

E. Reasonable attorney's fees and costs pursuant to 42 USCS § 1988.

F. Such other relief as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully Submitted,

Rosenfeld Law Group, PLLC
2719 Hollywood Blvd. #A-2086
Hollywood, FL 33020
Toll Free: 833.MISHAPS
Telephone: 786.668.3608
Fax: 786.384.7394
Attorneys for Plaintiff

By: /s/ *Nicholas Battaglia*
Nicholas Battaglia, Esq.
Florida Bar No. 1018467
Email:
Nbattaglia@therosenfeldlawgroup.com

* Solomon M. Radner (Pro Hac to be filed)
Attorney for Mr. Barbosa
Radner Law Group PLLC
17515 W. Nine Mile Road, Ste 1050
Southfield, MI 48033
T: 877-723-6375
Solomon@RadnerLawGroup.com

DATED:     FEB. 20, 2026